Dear Mr. Goldberg:
This letter is issued in response to your request for an opinion on the following subject:
 "May the Department of Revenue utilize the Office of Administration's Consolidated State Data Center for the processing of various tax returns which are required to be filed with the Department without subjecting the Director of Revenue or any of his employees to the criminal sanctions imposed by any of the following statutory provisions relating to confidentiality of tax returns:
 1. Use Tax, 144.120, RSMo. 1969 2. Sales Tax, 144.120, RSMo. 1969 3. Income Tax, 143.976, RSMo. Cum. Supp. 4. Motor Vehicle Fuel Tax, 142.501, RSMo. Cum. Supp. 5. Special Motor Fuel Use Tax, 142.170, RSMo. Cum. Supp. 6. Mass. Transportation Tax, 92.408.1(1), RSMo. 1969 7. City Sales Tax, 94.540.1(1), RSMo. 1969 8. County Sales Tax, 66.615.1(1), RSMo. Supp. 1977 9. Corporation Franchise Tax, 147.110, RSMo. 1969, repealed by SB 661 10. Intangible Personal Property Tax, 146.090, RSMo. 1969 11. Federal Income Tax, 26 U.S.C.A. 7213
and 7217"
Subsection 9 of Section 15 of the Omnibus Reorganization Act of 1974, Appendix B, RSMo, Cumulative Supp. 1975, authorizes the Commissioner of Administration to coordinate and control the acquisition and use of electronic data processing and automatic data processing in the executive branch of state government. See also Section 26.300.3, RSMo, Supp. 1977. In accordance with the legislative mandate, it is our understanding that the Office of Administration has developed a consolidated state data center to be utilized by all agencies of the executive branch for record keeping purposes. It is further our understanding that the Department of Revenue is to be one of the major users of the computer equipment in the data center and is currently in the process of changing from its present internal computer system to that operated by the Office of Administration.
In harmonizing the above provisions with the confidentiality sections mentioned in your opinion request, it is important to keep in mind the overriding purpose behind the imposition of strict standards of secrecy with regard to tax returns and related materials, i.e., the prevention of the dissemination of sensitive and personal information obtained from taxpayers to the general public. In our opinion, the legislature was aware of this and did not create an irreconcilable conflict when it authorized the Commissioner of Administration to coordinate and control the acquisition and use of electronic and automatic data processing. Section 1.6(2) of the Omnibus State Reorganization Act of 1974, Appendix B, RSMo, Cumulative Supp. 1975, specifically authorizes cooperation between the heads of departments in the interchange of personnel, joint use of equipment and generally in any manner to promote the more efficient and effective rendering of service. As such, the Director of Revenue maintains control over these records and can insure through cooperation with the Commissioner of Administration that such information is never released to the public. When the confidentiality sections are read in conjunction with the legislative mandate concerning the use of a centralized computer system in the executive branch of state government under the control of the Commissioner of Administration, it is apparent that the Director of Revenue would not be violating confidentiality by using the central computer system. Rather, those state employees from the Office of Administration performing revenue functions on behalf of the Director of Revenue who have access to the information stored on computer tapes or other storage devices have become, in effect, agents of the Director of Revenue and therefore bound to the confidentiality provisions themselves. Such individuals would be subject to the statutory prohibition against divulging information obtained through the various tax returns.
However, this can only apply in those instances in which the confidentiality statutes are broad enough to encompass agents of the Director of Revenue, and not just the Director or his employees. The following statutes meet that criterion: Section 142.180.3, RSMo 1975 Supp., Motor Vehicle Fuel Tax, which makes it unlawful for any person to disclose the information required by the Director of Revenue or any agent thereof; Section 142.501.1, RSMo 1975 Supp., Special Motor Fuel Tax, which makes it unlawful for the Director or any person having administrative duty to disclose; Section 144.120, RSMo 1969, Sales Tax, which makes it unlawful for the Director of Revenue or his deputy, agent or clerk to disclose; Section 146.090, RSMo 1969, Intangible Personal Property Tax, which prevents disclosure by the Director of Revenue or any of his agents or employees; and Section 147.110.3, RSMo 1969, Corporation Franchise Tax, which forbids disclosure by an officer or employee of the state. The confidentiality section in Missouri sales tax, Section 144.120, RSMo 1969, is also applicable to use tax, mass transportation tax, city sales tax, and county sales tax, as those sections are listed in your request. Employees from the Office of Administration who have authorized access to the information gathered in the above areas, can be considered agents of the Director of Revenue and therefore bound by the confidentiality provisions set forth therein.
A different problem exists with regard to Section 143.976.1, RSMo 1975 Supp., the section dealing with secrecy of income tax returns and information. That section prohibits the Director of Revenue or any officer or employee of the Department of Revenue, or any person engaged or retained by such Department on an independent contract basis from revealing information obtained in state income tax reports or returns. The language in this section is simply not broad enough to cover employees from the Office of Administration. Although they may be considered agents of the Director of Revenue when engaging in a cooperative effort involving both the Director and the Commissioner of Administration, such employees could not be considered officers or employees of the Department of Revenue, or independent contractors. Section 143.976 prohibits the Director of Revenue or his employees from divulging or making known in any manner the amount of income or any particulars set forth or disclosed in any report or return required under the state income tax law. As such, the Director or his employees must maintain strict control over all materials which actually disclose such information.
We decline to rule as to the confidentiality requirements of the federal income tax law, Sections 26 U.S.C.A. 7213 and7217, for the reason that the availability of such federal records to state officials are governed by agreements between federal and state authorities. Whether federal tax returns made available to the Director of Revenue can be processed through the Office of Administration's consolidated state data center is a question which should be taken up with the appropriate federal authorities.
Very truly yours,
 John Ashcroft Attorney General